

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~WILL WILSON~~XXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. 0-4748
Re: (1) Custody of gambling para-
phernalia after seizure and
pending destruction proceedings,
(2) Proper officer to destroy
gambling paraphernalia on order
of court.

We have carefully considered your letter of recent
date in which you request our opinion as to whether equipment
seized as gambling paraphernalia by a Texas Ranger should be
retained in the custody of the Ranger seizing the same pend-
ing a destruction under order of the court. You also ask
whether the destruction order should be directed to the Ranger
or to the Sheriff of the county wherein the property was
seized.

The Penal Code of this State devotes an entire chap-
ter to the subject of gaming. Article 632 of said Code re-
quires any "sheriff or other peace officer" having knowledge
of a violation of the laws against gaming to "immediately
avail himself of all lawful means to suppress such violation."

Article 633 authorizes magistrates to issue search
warrants and directs the seizure of "any gambling parapher-
nalia, device or equipment" found upon execution of such war-
rant. With reference to the duty of peace officers and the
court in respect to property taken into custody as gambling
paraphernalia, etc., we direct attention to the provisions
of Article 636 and a portion of Article 637, as amended, from
which we quote the following:

"Art. 636. It shall be the duty of every sheriff,
or other peace officer by virtue of the warrant au-
thorized by this chapter to seize and take into his
possession all gaming tables, devices and other equip-
ments or paraphernalia of gambling houses, the ex-
istence of which has come to his knowledge and to
immediately file with the justice of the peace, county

judge, or district judge, a written list of the
property seized designating the place where same
was seized, and the owner of same, or the person
from whom possession was taken.  Thereupon said
justice of the peace, county or district judge
shall note the same upon his docket and issue, or
cause the clerk of the court to issue a written
notice to the owner or person in whose posses-
sion the articles seized were found, commanding
him to appear at a designated time, not earlier
than five days from the service of such notice,
and show cause why such articles should not be
destroyed.  If personal service cannot be had up-
on the person to whom same is directed, a copy
of said notice shall be posted for not less than
five days, either upon the court house door of
the county where the proceedings are begun or up-
on the building or premises from which the prop-
erty seized was taken.

"Art. 637.  Section .  If upon hearing of
the matter referred to in the preceding Article,
the Justice of the Peace, County Judge or Dis-
trict Judge, before whom the cause is pending,
shall determine that the property seized is a
gaming table or bank or is used as equipment or
paraphernalia for a gambling house, and was be-
ing used for gaming purposes, he shall order
same to be destroyed, but any part of same may,
by order of the Court be held as evidence to be
used in any case until the case is finally dis-
posed of.  Property not of that character and
not so used shall be ordered  returned  to the
person entitled to possession of the same.  The
officer, within not less than fifteen (15) nor
more than thirty (30) days from the  entry of
said order shall destroy all  property the des-
truction of which has been ordered by the Court,
unless the owner, lessee or person  entitled to
possession under this law shall,  before  the
destruction of said property, file suit to re-
cover same.  Acts 1907, page 110.

"Sec. 2.  If upon a hearing of the matter
referred to in Article 636, Penal Code of  Texas
(1925), the Justice of the Peace, County Judge
or District  Judge before whom the cause is pend-
ing shall determine that the property seized,
or any part thereof, is not  gambling  parapher-
nalia per se, but  that the  same or any  part

thereof was used as equipment or paraphernalia for a gambling house and was being used for gaming purposes and that said property is capable of being used for some legal purposes, he may, in his discretion, by order of the Court, declare the same confiscated and cause the same to be delivered to the State of Texas, or any political subdivision thereof, or to any State institution to be kept by it for its own use and benefit. The officer shall show by his return the disposition of the property made by him, which shall be in compliance with the orders of the Court.

"Sec. 3. If upon a hearing of the matter referred to in Article 636, Penal Code of Texas the Justice of the Peace, County Judge or District Judge before whom the cause is pending, shall determine that the property seized is a gaming table, bank or gambling paraphernalia and equipment per se, or if the Justice of the Peace, County Judge or District Judge shall determine that the same, or any part thereof, was in fact used as equipment or paraphernalia for a gambling house or was being used for gaming purposes, then any money or coins seized in or with said equipment or paraphernalia shall, by order of the Court, be declared confiscated, and the Court shall cause the same to be delivered to the State of Texas or any political subdivision thereof, or to any State institution to be used by it for its own use and benefit, or the Court may in its discretion order such money or coins to be delivered to the Grand Jury of the County in which such equipment or paraphernalia was seized, to be used by said Grand Jury for the purpose of investigating the violation of the gaming laws of this State or for the purpose of investigating violations of any of the provisions of the Penal Code of this State. At the end of the term of each Grand Jury and before the discharge of the same, the Grand Jury shall report to the District Judge impanelling the same the amount of money received under the provisions of this Section and an accounting of all funds expended, and the balance of such funds, if any, shall be turned over to the Clerk of said District Court, to be held by said Clerk until the next Grand Jury is impanelled, at which time

such money will be turned over and delivered to
such succeeding Grand Jury.

"....."

From a careful reading of the above cited and quoted
statutes it is observed that Articles 632, 633 and 636, Penal
Code, make it the duty of "peace officers" to execute searches
and seizures for gambling devices. Article 36 of the Code of
Criminal Procedure defines peace officers to be: "The sheriff
and his deputies, constable, the marshal or policeman of any
incorporated town or city, the officers, non-commissioned
officers and privates of the State ranger force, and any pri-
vate person specially appointed to execute criminal process."

Among the provisions of the act creating the Texas
Department of Public Safety (Acts 1935, 44th Leg., ch. 181,
p. 444, as amended Acts 1937, 45th Leg., ch. 373, p. 772
Vernon's Annotated Civil Statutes, Articles 4413 (1) - 4413
(29) ) which places the Texas Ranger force and personnel under
the jurisdiction of the Department of Public Safety, the fol-
lowing language appears in Section 11 (Vernon's, Article 4413
(11) ):

"(1)  The Texas Ranger Force and its person-
nel, property, equipment and records, now a part
of the Adjutant General's Department of the State
of Texas, are hereby transferred to and placed
under the jurisdiction of the Department of Public
Safety, and are hereby designated as the Texas
Rangers, and as  such, constitute the above men-
tioned division of the Department.

". . . . .

"(4)  The officers shall be clothed with all
the powers of peace officers, and shall aid in
the execution of the laws.

"They shall have authority to make arrests,
and to execute process in criminal cases; and in
civil cases when specially directed by the judge
of a court of record; and in all cases shall be
governed by the laws regulating and defining
the powers and duties of sheriffs when in the
discharge of similar duties; except  that  they
shall have the power and shall be authorized to
make arrests and to execute  all  process  in
criminal cases in any county in the State.  All
officers operating by virtue of this Act shall

have the authority to make arrests, as directed by warrants, and without a warrant under the conditions now authorized by law, and also in all cases when the alleged offender is traveling on a railroad, in a motor vehicle, aeroplane or boat. When any of said force shall arrest any person charged with a criminal offense, they shall forthwith convey said person to the county where he so stands charged, and shall deliver him to the proper officer, taking his receipt therefor. All necessary expenses thus incurred shall be paid by the State.

"  . . . . .

"(6) In the execution of the laws of the State under the Department of Public Safety, the officials shall in all cases where it becomes necessary to seize property and destroy the same, to proceed as now provided by law; and all property so seized shall be stored and a list thereof presented to a District Judge in the District where such property is seized, who shall dispose of same in the mode and manner now provided by Articles Nos. 5112, 5113 and 5114, Revised Civil Statutes 1925.

". . . . ."

Investigation of the reference in numbered paragraph (6) of the above quotation to Articles 5112, 5113, and 5114, Revised Civil Statutes 1925, discloses that said articles referred to the mode of disposing of properties seized under the liquor laws in effect at the time of the passage of the Texas Public Safety Act, supra. Said articles were repealed in 1935 (Acts 1935, 44th Leg., 2nd C. S., ch. 467, p. 1795). Irrespective of the effect of such repeal it will be observed that such paragraph (6) only requires the District Judge to dispose of the property seized in accordance therewith and does not specify additional duties of the officer; whereas, Article 637 of the Penal Code, supra, is directly applicable to gambling equipment and paraphernalia, and prescribes the method of destroying same.

It is our opinion that "the officer" referred to in Article 637, supra, refers to the officer seizing the equipment mentioned in Articles 632, 633 and 636, and that when property is seized by a Texas Ranger by virtue of the provisions of the laws condemning gambling, it is the duty of such Ranger to retain the property until final disposition by the

court.  It is also our opinion that the destruction order, when made in accordance with the provisions of Article 637, should be directed to the officer having custody of the property - in this case, the Texas Ranger, and not to the Sheriff or any other officer.

                    Yours very truly

                ATTORNEY GENERAL OF TEXAS


                    By s/Benjamin Woodall
                        Benjamin Woodall
                        Assistant

BW:GO:wc


APPROVED AUG 5, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman